# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **RAYMOND EDWARD CROSS,** | ) | **Civil Action No. 7:11-cv-00404** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA** | ) | **By:    Hon. Michael F. Urbanski** |
| **DEPARTMENT OF** | ) | **United States District Judge** |
| **CORRECTIONS, et al.,** | ) | |
| **Defendants.** | ) | |

Raymond Edward Cross, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.  Plaintiff names as defendants the Commonwealth of Virginia Department of Corrections ("VDOC") and the Southwest Virginia Regional Jail Authority ("Jail").  Plaintiff complains that the defendants do not provide him adequate medical treatment, in violation of the Eighth Amendment.  This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A.  After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

### I.

Plaintiff is presently incarcerated at the Southwest Virginia Regional Jail and has been waiting since July 21, 2011, for his transfer into the VDOC.  The VDOC has not helped plaintiff receive medical care for a screw that is coming out of his right foot.  Plaintiff acknowledges he is on the list to see the Jail's facility doctor.  Plaintiff requests as relief to be transferred to a low-security VDOC facility or to be seen by a doctor who can fix his foot.

### II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted.  See 28

U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).  The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true.  A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and conclusions . . . ."  Id.  Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  Id.  Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The VDOC, a department of the Commonwealth of Virginia, is not a "person" for purposes of § 1983. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) (stating the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment); Alabama v. Pugh, 438 U. S. 781 (1978) (stating the Eleventh Amendment bars grants injunctive relief against the State or its agencies). Furthermore, plaintiff fails to state a claim against the Jail because he fails to describe any policy, procedure, or custom that constitutes cruel and unusual punishment. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978) (holding that a local government entity is liable for the unconstitutional acts of its employees only if they were acting pursuant to a policy, procedure, or custom of the entity). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and the court dismisses the complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to plaintiff.

Entered: August 29, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

3